MOLNAR v. MOLNAR.

DIVORCE—EXTREME CRUELTY—FALSE ACCUSATIONS OF INFIDELITY—
DENIAL OF CONJUGAL RIGHTS.
  Plaintiff physician in suit for divorce *held,* not to have substan-
  tiated his claim of extreme cruelty by proofs adduced with re-
  spect to false accusations by defendant wife of his marital
  infidelity or as to denial of conjugal rights.

Appeal from Wayne; Gilmore (Horace W.), J.
Submitted June 10, 1960. (Docket No. 43, Calendar
No. 48,550.) Decided September 15, 1960.

Bill by Stephen K. Molnar against Marjorie M.
Molnar for divorce on the ground of extreme cruelty.
Decree for plaintiff. Defendant appeals. Reversed.

*Dale D. Libby,* for plaintiff.

*Piggins, Balmer, Grigsby, Skillman & Erickson,*
for defendant.

SOURIS, J. The chancellor granted plaintiff a de-
cree of divorce on the ground of defendant wife's
extreme and repeated cruelties. She has appealed,
claiming that her husband's proofs did not establish
grounds for divorce.

Plaintiff is a physician, and his wife is a nurse.
They were married in 1939. Two children were born
to them, presently 11 and 17 years old. Mrs. Molnar

worked during the early years of the marriage and, for part of their years together, assisted her husband as his office receptionist.

At the trial Dr. Molnar claimed his wife accused him falsely of marital infidelity, denied him conjugal rights, lacked affection for him and told him so, absented herself from home for long hours without explanation, was argumentative, condemned him as a failure, subverted his relationship with their children, and was never pleased with his efforts to make a success of their marriage. Mrs. Molnar denied her husband's charges or attempted to otherwise justify or explain her conduct, and made some charges of her own. In short, the Molnars' marriage of 20 years has been an unhappy one. Our task, as it was also for the chancellor, is to determine whether or not dissolution of the marriage can be decreed by a court limited in its power over such matters by legislative mandate.

There is striking similarity in the claims made and the proofs offered between the case at bar and *Williams* v. *Williams,* 351 Mich 210. Except for Dr. Molnar's claims that his wife falsely accused him of marital misconduct and denied him conjugal rights, mere citation of *Williams* v. *Williams, supra,* would dictate reversal of the decree of divorce entered here. It becomes necessary, therefore, to examine the proofs offered by plaintiff in support of these 2 claims.

Plaintiff testified that his wife accused him falsely of marital misconduct in 1946 with a member of a French family while he was in military service abroad and in 1950 with one of his patients. He also testified that from 1950 until they were separated in 1957 she would accuse him of "having had an affair with some woman" whenever he was late in making his hospital rounds. Such testimony, extremely general in nature, was equally generally denied.

Plaintiff testified that his wife resorted to various acts of subterfuge to avoid sexual relations with him. She would, he said, read late into the night to avoid retiring with him to the marital bed, and at other times she would refuse his embrace. On cross-examination, however, plaintiff testified:

"*A.* It was very difficult to have relations. Off and on she would. She would submit.

"*Q.* By off and on what do you mean?

"*A.* About once a month.

"*Q.* Once a month over what period of years, doctor?

"*A.* 1950.

"*Q.* 1950 until when?

"*A.* August of 1958.

"*Q.* It continued on that basis for 6 years?

"*A.* Yes, I was quite disturbed about having relations."

Neither of plaintiff's claims of false accusations and denial of conjugal rights was established by his proofs summarized above. Substantially more positive testimony than that offered by plaintiff is required to prove a charge of extreme and repeated cruelty consisting of false accusations of marital infidelity and denial of conjugal rights sufficient to empower our courts to sever the bonds of matrimony. Plaintiff's claims in these respects having failed of proof, what this Court said in *Williams* v. *Williams, supra,* is equally applicable here.

Decree reversed and bill of complaint dismissed. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.